UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD COOPER,

        Plaintiff,                      Case No: 1:25-cv-13180

v.                                         Hon. Thomas L. Ludington
                                               United States District Judge
SAMUEL ANDERSON, et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, SUMMARILY DISMISSING THE COMPLAINT, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

On October 7, 2025, Plaintiff Ronald Cooper filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a Michigan Department of Corrections inmate, incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan. He did not pay the filing fees for the action but seeks to *proceed in forma pauperis*. Upon review of Plaintiff's case and his litigation history in the federal courts, the Court concludes that his application to proceed without prepaying fees must be denied and his Complaint dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**I.**

In October 2025, Plaintiff filed this § 1983 case against Wayne County law enforcement officers Sergeant Samuel Anderson, Detective Mare Thompson, Kyle Delaney, Zachary Melendez, Derek Fields, Matthew Erne, Kenneth Jackson, Griffin McNeice, Mahdy Taleh, and Romeo Italia. ECF No. 1. Plaintiff asserts unclear claims concerning the illegal search and seizure of his home and appears to challenge the integrity of the criminal investigation leading up to his recent felony-firearm conviction in the Wayne County Circuit Court. *See generally,* ECF No. 1.

II.

The Prisoner Litigation Reform Act of 1995 (PLRA) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, [then] the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *see also In Re Prison Litig. Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). Even so, district courts may authorize a prisoner to proceed *in forma pauperis* if the prisoner submits an affidavit that includes a description of their assets and a statement that they are unable to pay the fees. *See* 28 U.S.C. § 1915(a)(1).

But, under the three-strikes rule, an *in forma pauperis* complaint must be dismissed if the filer has had at least three other *in forma pauperis* complaints dismissed as frivolous, malicious, or not stating a claim for which relief could be granted. *See* 28 U.S.C. § 1915(g). Frivolity includes lack of jurisdiction, *see Carlock v. Williams*, 182 F.3d 916 (6th Cir. 1999), and lack of standing, *see Garland v. Wells Fargo Home Mortg. Inc.*, 303 F. Supp. 3d 554, 559 (E.D. Mich. 2018) ("Standing is a 'jurisdictional' matter, and a lack of standing deprives a court of subject matter jurisdiction." (quoting *Ward v. Alt. Health Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001))).

The only exception to the three-strikes rule is if the complaint plausibly alleges an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

III.

A.

Plaintiff has filed at least three prior civil rights complaints that were dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Cooper v. Beth*, No. 1:96-CV-817 (W.D. Mich. Oct. 18, 1996); *Cooper v. Vidor*, No. 1:92-CV-234 (W.D. Mich., Feb. 2, 1993); *Cooper v. Toombs*, No. 1:90-CV-684 (W.D. Mich., Aug. 31, 1990). In addition, Plaintiff has been denied leave to proceed IFP pursuant to the three-strikes

rule and has had his IFP status revoked due to his prior frivolous lawsuits. *See Cooper v. Dunlap*, No. 25-CV-12891, 2025 WL 2700609, at *2 (E.D. Mich. Sept. 22, 2025); *Cooper v. Mich. Dep't of Corr.*, No. 2:07-CV-212, 2008 WL 11638413 (W.D. Mich. Sept. 26, 2008); *Cooper v. Michigan Dep't of Corr.*, No. 2:08-CV-99, 2008 WL 2444473 (W.D. Mich. June 13, 2008); *Cooper v. Caruso*, No. 2:07-CV-179, 2007 WL 2815024 (W.D. Mich. Sept. 25, 2007).

Because at least three of Plaintiff's *in forma pauperis* complaints have been dismissed as frivolous, malicious, or not stating a claim, this case must be dismissed unless he plausibly alleges that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**B.**

Plaintiff does not allege any facts establishing that he is in imminent danger of serious physical injury. Plaintiff's allegations solely concern the search and seizure of his home, the taking of his intellectual property, and the integrity of his criminal investigation. *See generally*, ECF No. 1. Thus, he does not come within the exception to the mandate of § 1915(g). *See Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019). Accordingly, the Court denies Plaintiff's application to proceed *in forma pauperis* and dismisses the Complaint without prejudice.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* is **DENIED**. ECF No. 5.

Further, Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff is **DENIED** Leave to Appeal *in forma pauperis*.

Dated: December 12, 2025                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge